UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TOBY WADE, | ) | 1:08-cv-01417 AWI YNP [DLB] (HC) |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| v. | ) | TO DISMISS |
| | ) | [Doc. #14] |
| | ) | |
| J. HARTLEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a State prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner was convicted of second degree murder and is currently serving a State prison term of sixteen years to life. On April 11, 2006, Petitioner was denied parole. He filed this petition claiming that the denial violated his right to do process because the Board of Parole Hearings' decision was not backed up by "some evidence" that Petitioner poses a current risk of danger to society. (Pet.)

State habeas petitions

On March 18, 2007, Petitioner filed a petition for writ of habeas corpus in the Sacramento Superior Court.[1] (Mot. to Dismiss, Ex. 1.) The petition was denied on May, 10, 2007. (Mot. to Dismiss, Ex. 2.)

---

[1] Unless otherwise specified, all petitions are deemed filed on the date on which they were signed pursuant to the prison mailbox rule. See Rule 3(d) for the Federal Rules Governing Section 2254 Cases; see also Houston v. Lack, 487 U.S. 266 (1988).

On August 16, 2007, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (Mot. to Dismiss, Ex. 3.) The petition was summarily denied on September 6, 2007. (Mot. to Dismiss, Ex. 4.)

On November 28, 2007, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, which was denied without comment on June 11, 2008. (Mot. to Dismiss, Exs. 5-6.)

<u>Federal habeas petition</u>

Petitioner filed a petition for writ of habeas corpus in the U.S. District Court for the Eastern District of California on September 18, 2008. (Doc. #1.) On August 3, 2009, Respondent filed a motion to dismiss on the grounds that the petition was untimely and unexhausted. (Doc. #14.) Petitioner did not file objections to Respondent's motion. It is Respondent's motion to dismiss that will be considered herein.

## DISCUSSION

### I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, prisoner filed this petition complaining of his parole denial while housed at Avenal State Prison, located in Avenal, California, which is within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the AEDPA, which applies to all petitions for writ of habeas corpus filed after its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* <u>Drinkard v. Johnson</u>, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

### II. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12. Because the arguments in the motion to dismiss are procedural in nature and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### III. Limitation Period for Filing a Petition for Writ of Habeas Corpus

The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. at 117; Jeffries v. Wood, 114 F.3d at 1499. As noted above, the instant petition is subject to the requirements laid out in the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Ninth Circuit has held that "'§ 2244's one-year limitation period applies to all habeas petitions filed by persons in custody pursuant to the judgment of a State Court' even if the petition challenges an administrative decision rather than a state court judgment." Eric v. Shelby, 391 F.3d 1061, 1062 (9th Cir. 2004).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. After the Board of Parole Hearings denied Petitioner's parole there was no further direct review available; therefore, the judgment became final on the date parole was denied–April 11, 2006. The one-year limitation period began to run the next day, on April 12, 2006. Thus, absent any applicable tolling, Petitioner had to file his petition in the U.S. District Court by April 11, 2007.

Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Carey v. Saffold, 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir. 2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf.

Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (Court found no tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

The limitation period is tolled while a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005). "A state post conviction petition rejected by the state court as untimely" cannot be considered "properly filed." Id.

Petitioner commenced his first round of State collateral appeals by filing his State superior court petition on March 18, 2007–340 days into the one-year limitation period. Assuming tolling through Petitioner's State superior court, appellate court, and supreme court petitions, the limitations period began to run again on June 12, 2008, the day after the State supreme court denied the petition.

The limitation period does not toll during the period between completion of state review and filing a petition in federal court. Rhines v. Weber, 545 U.S. 269, 274-75 (2005) (citing Duncan, 533 U.S. 167, 181-82 (2001)). Assuming tolling during the entire time that Petitioner was filing habeas petitions in the State courts, he only had 25 days in which to file a federal petition after the conclusion of his State proceedings. Petitioner allowed 98 days to lapse between the day his petition was denied by the State supreme court and the day he filed in this Court; thus, the instant petition was not filed within the one-year statute of limitations.

Equitable Tolling

The limitation period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997)); Calderon v. U.S. Dist. Ctourt for the Cent. Dist. Of Cal.(Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"), *overruled on*

*other grounds by* Calderon v. U.S. Dist. Court for Cent. Dist. Of California, 163 F.3d 530, 539 (9th Cir. 1998), *abrogated by* Woodford v. Garceau, 538 U.S. 202 (2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner bears the burden of alleging facts that would give rise to tolling. Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner did not present any argument for equitable tolling nor did the Court see extraordinary circumstances that would warrant equitable tolling in its review of the petition; thus, equitable tolling is not applicable in this case.

Because the petition was not filed within the time period required by the AEDPA, the Court declines to address Respondent's argument that the petition is unexhausted.

**CONCLUSION**

The instant petition must be dismissed as untimely because it was filed after the AEDPA's one-year statute of limitations ended.

**RECOMMENDATION**

It is hereby RECOMMENDED that:

1) Respondent's motion to dismiss is GRANTED and

2) the petition for writ of habeas corpus is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: **February 8, 2010**         **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE